PETITION OF BOBBIE JOE OVERTON.
No. 10935
Decided August 16, 1965.
404 P.2d 882

PER CURIAM:

Original proceeding.

On March 22, 1965, there was filed in this court a petition for writ of habeas corpus by Bobbie Joe Overton, an inmate of the Montana State Prison, appearing pro se, in which it was alleged that the petitioner had been denied, deprived and refused counsel at the time of his arraignment and plea on November 11, 1961, in the District Court of Cascade County. Since no records or exhibits accompanied the petition it was not possible for this court to determine whether or not there was any merit in petitioner's allegations. For this reason the petition was referred to the District Court of Cascade County by order dated March 30, 1965, 146 Mont. 167, 404 P.2d 518, with request that the record be examined and findings prepared as to the allegations of petitioner and return be made to this court.

The district court on April 1, 1965, deeming the presence of petitioner necessary in order that an intelligent determination of the allegations of his petition could be made ordered the

Warden of the State Prison to deliver petitioner to the Sheriff of Cascade County that he might be available to appear before the court. The petitioner did so appear before the court on April 15, 1965, at which time the court ordered counsel appointed to represent him. Thereafter, and on June 11, 1965, by agreement of counsel for the petitioner and the State, the matter came on for hearing and at the conclusion thereof the court ordered the hearing transcribed and copy thereof filed with this court. On June 23, 1965, the transcription having been prepared, the court ordered copy thereof forwarded to the petitioner. On August 2, 1965, the district court made and filed its finding of fact with respect to the allegations contained in the petition and after reciting the various procedures followed upon the arraignment and sentencing concluded its findings thus:

"NOW, THEREFORE, this Court does find as a matter of fact, that there was at the time of the arraignment and sentencing of Bobbie Joe Overton on the 14th and 16th days of November 1961, an intelligent waiver of counsel by the defendant, Bobbie Joe Overton."

Petitioner alleged in his petition "that he was denied counsel by the District Court of Gt. Falls, Montana * * *." In his brief and statement of facts he stated: "Petitioner was never afforded counsel, nor did he waive his constitutional rights to counsel; nor can the District Court of Great Falls, Montana, produce or otherwise show waiver of counsel." Again: "The said District Court of Great Falls, Montana, failed, refused, denied and deprived this Petitioner his right to counsel, simply because he entered a plea of guilty to the crime of Grand Larceny."

The record discloses that at the time of his arraignment on November 14, 1961, the court asked petitioner if he had an attorney to represent him in the matter and he replied: "No." The court further asked if he had funds with which to hire an attorney and he replied: "No, I don't." Further, the court

asked him if he wished to have an attorney to represent him and he replied: "No." The information charging petitioner with grand larceny was read to him, a copy delivered to him; the court advised him of his constitutional right to have at least twenty-four hours, or if he wanted more time he could have it, in which to enter a plea, or that he could waive that time and enter a plea at the time. Petitioner stated: "I would like to waive it and enter a plea." He entered a plea of guilty. The court requested a pre-sentence investigation and set November 17, 1961, at 2:00 p. m., as the time for the imposition of sentence

On November 16, 1961, petitioner was again before the district court, he having requested that the time for imposition of sentence be moved up to that time. He was asked by the court if there was anything he wished to say before sentence was pronounced and he replied: "No, sir." The court further asked: "Do you have anything to say in your behalf in way of mitigation? A. No, sir."

Petitioner takes the position that waiver of counsel must be in writing and signed by him. While we do not agree with this contention of petitioner, the records before us disclose that at the hearing before the district court on June 11, 1965, petitioner was asked: "Now, at the time that you appeared before the District Court and Judge Hatfield advised you that you were entitled to be represented by counsel, you remember that? A. Yes.

"Q. If he had asked you to sign a waiver of an attorney at that time, would you have signed it? A. At the time I probably would have."

Petitioner is not a man unfamiliar with the criminal courts and of his right to counsel. He was previously convicted of burglary in the district court at Glasgow, Montana, and at that time was represented by counsel. He first stated: "I think I had the court appoint a lawyer, but he wasn't there when I got sentenced. It was quite a while ago." Later he stated: "I don't know if my folks got that lawyer or if he was appointed to me.

I can't remember for sure." Earlier he had been charged with a felony in Florida and entered a plea of guilty there. He was asked with respect to the Florida felony: "And at that time were you represented by counsel?  A.  No.

"Q.  Did you waive counsel at that time?  A.  Well, we didn't have no money, and they didn't appoint you lawyers there.

"Q.  Where was this?  A.  In Florida."

Upon the record here, it is our opinion that the finding of the district court is correct and should be affirmed.

The writ requested is denied and the proceeding is dismissed.